IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARY PURVIS,** *s/p/a* **Mary Hodge**                                                      **PLAINTIFF**

**V.**                                                   **CAUSE NO. 3:14-CV-290-CWR-FKB**

**CAROLYN W. COLVIN,** *Commissioner,*                                  **DEFENDANT**
*United States Social Security Administration*

## **ORDER**

Before the Court is the plaintiff's objection to the Magistrate Judge's Report and Recommendation (R&R). Docket No. 16. The R&R recommends affirming the Commissioner's denial of Supplemental Security Income. Docket No. 15.

The Court has reviewed *de novo* the portions of the R&R to which the plaintiff has objected. 28 U.S.C. § 636(b). It concludes that remand is required.

Although the ALJ's conclusion may ultimately be correct, she did not apply the *Newton* factors in evaluating Dr. Clark's opinion. *See Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000); 20 C.F.R. § 404.1527(c). This may have been unproblematic had there been record evidence from another treating or examining physician casting doubt on Dr. Clark's opinion. *E.g.*, *Qualls v. Astrue*, 339 F. App'x 461, 466-67 (5th Cir. 2009). But there was not. And, under current law, "[a]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the medical opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2), . . . ." *Thibodeaux v. Astrue*, 324 F. App'x 440, 444 (5th Cir. 2009) (emphasis added); *see Beasley v. Barnhart*, 191 F. App'x 331, 336 (5th Cir. 2006) (remanding for application of *Newton* factors); *Abadie v. Barnhart*, 200 F. App'x 297, 298 (5th Cir. 2006) (same).

The Magistrate Judge concluded that the *Newton* factors were unnecessary because the ALJ had good cause to disregard Dr. Clark's opinion. The post-*Newton* cases cited above, however, as well as the plain language of 20 C.F.R. § 404.1527(c)(2), suggest that the *Newton* factors are supposed to inform whether there is good cause for disregarding a treating physician's opinion. Because their application was required (again, given the lack of reliable, contrary evidence from a *treating* or *examining* physician), the case must be remanded.

Accordingly, the plaintiff's motion for summary judgment is granted, and the Commissioner's motion to affirm is denied. A separate Final Judgment will issue this day.

**SO ORDERED**, this the 25th day of September, 2015.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
